IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YANG BIN, | : | CIVIL NO. 3:CV-14-0104 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| ATTORNEY GENERAL ERIC | : | |
| HOLDER, *et al.*, | : | |
| | : | |
| Respondents | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Yang Bin ("Bin"), presently a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), incarcerated at the York County Prison, York, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on January 21, 2014. (Doc. 1). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I. **Background**

Bin, a native and citizen of China, entered the United States in December 1992, as a juvenile. (Doc. 1, ¶ 9.) Thereafter, his status was adjusted to a lawful permanent resident. (Id.) On June 18, 1993, he was arrested for Homicide and Racketeering. (Id. at ¶ 10.) "On May 29, 1996, he was convicted in the United States District Court for the Eastern District of New York, New York for the offence [sic] of Murder in the First Degree in Aid of

Racketeering and was sentenced to a term of 262 months imprisonment. (Id. at ¶ 11)

Petitioner was ordered removed by an Immigration Judge on September 29, 1993. (Doc. 1, at ¶ 12.) On or about July 16, 2003, he was taken into ICE custody. (Id. at ¶ 14.) He indicates that on that same date, his removal order became final and he has no pending appeals. (Id. at ¶ 15.)

"[Bin], received, on or about October 9, 2013, a Notice of Review as set forth in INA 241(a) (normally 90-days) under the U.S. Immigration Customs Enforcements at York County Prison." (Id. at ¶ 16.) "On October 22, 2103, a review of custody was issued by the Field Officer Director Thomas Decker, stated [sic] 'if the alien is not released or removed from the U.S. by January 10, 2014, jurisdiction of the custody decision in his case will be transferred to the Headquarter Post Order Custody review Unit (HQ POCRU)." (Id. at ¶ 18; Doc. 1-1, at 2.)

Bin filed the instant petition requesting review of the lawfulness of his continued detention. (Doc. 1, at 1.)

II. **Discussion**

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) provides the following:

The removal period begins to run on the latest of the following:

(i) The date the order of removal becomes administratively final.

2

> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231. At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision. 8 U.S.C. §§ 1231(a)(3) & ( 6). The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Zadvydas v. Davis, 533 U.S. 678, 689 (2001). "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court. See 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no

3

significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on July 16, 2013, the date he was taken into ICE custody. At the conclusion of the mandatory detention period, he was served with a written decision ordering his continued detention. (Doc. 1-1, at 2.) The six month period has recently expired, and ICE has failed to remove Bin. All indications are that jurisdiction to make a determination concerning his custody would now lie with the HQPDU and there is no indication that Bin filed a written request for release with the HQPDU since jurisdiction has been transferred. Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

## III.  Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice.

An appropriate Order follows.

                                      **BY THE COURT:**

                                      **s/James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**

Dated:   January 29, 2014